IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERUJ HUSEYIN, Individually and as Personal Representative of the Estate of Fatma Abdullah Ahmed, et al.,**<br>Plaintiffs,<br><br>v.<br><br>**TRADITION TRANSPORTATION COMPANY, LLC** and **BRYANT EGENLAUF,**<br>Defendants. | CIVIL ACTION<br><br><br><br>NO.  25-5014 |

<u>**MEMORANDUM**</u>

**HODGE, J.**                                                                                                             December 9, 2025

Before the Court is the Motion to Remand this proceeding pursuant to 28 U.S.C. § 1447(c) and 1441(b)(2) by Plaintiffs Beruj Huseyin, individually and as personal representative of the Estate of Fatmah Abdullah Ahmed, *et al*. ("Plaintiffs") (ECF No. 8 (the "Motion")), the Opposition to Plaintiffs' Motion to Remand by Defendants Tradition Transportation Company, LLC ("Tradition") and Bryant Egenlauf ("Egenlauf," together with Tradition, "Defendants") (ECF No. 12), Plaintiffs' Reply to Defendants' Opposition (ECF No. 14), and Defendants' Surreply in Opposition to Plaintiffs' Motion to Remand (ECF No. 15), which was permitted to be filed upon motion of Defendants and Order of the Court (ECF No. 16). For the reasons that follow, Plaintiffs' Motion is granted.

**I.     BACKGROUND**

      **a.   Factual Background**[1]

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

This dispute arises out of a fatal car accident that killed five individuals in Lackawanna County, Pennsylvania, on January 16, 2024. (ECF No. 12-1 at 2.) Plaintiffs, who are personal representatives of the decedents, are citizens of New York and Virginia. (ECF No. 8-4 at ¶¶ 1–12.) Defendant Egenlauf, a commercial truck driver and citizen of the Commonwealth of Pennsylvania, was employed by Defendant Tradition, an Indiana trucking company, at the time of the incident.[2] (ECF No. 12-1 at 2.) While driving for Tradition, Egenlauf allegedly collided with one of the Plaintiffs' stopped cars. (*Id.*) All occupants of the car and all but one pedestrian near the car died in the accident. (*Id*. at 3.)

### b. Procedural Background

Plaintiffs filed their Complaint on June 16, 2025 in the Court of Common Pleas of Philadelphia County. (ECF No. 8-4.) Tradition was served, albeit allegedly improperly, with the Complaint on June 19, 2025.[3] (ECF No. 8-1 at 3; ECF No. 12-6.) A copy of the Complaint was delivered to an "unknown adult female" at Egenlauf's address on July 11, 2025. (ECF No. 12-1 at 4; ECF No. 8-3.) Egenlauf asserts he was never properly served because the Notice to Defend, which is required by Pa. R. Civ. P. 1018.1, appeared at the end of the Complaint, rather than at the beginning.[4] (ECF No 12-1 at 4.)

On September 2, 2025, Defendants removed the case from state court based on diversity jurisdiction. (ECF No. 1.) Defendants filed a Motion to Transfer or Dismiss on September 8, 2025. (ECF No. 7.) On September 17, 2025, Plaintiffs filed the present Motion. (ECF No. 8.) The Motion

---

[2] Defendant Tradition administratively dissolved for reasons unrelated to this case and no longer conducts business. (ECF No. 12-1 at 2.)
[3] Defendant Tradition asserts that it was never properly served with process. (ECF No. 12-1 at 3.) However, Defendants concede that this failure "is beside the point for this Motion." (*Id.* at 7.)
[4] Although Defendants assert that the Complaint was "delivered to an unknown adult female at Egenlauf's address," they are silent on and do not challenge this aspect of service in their briefs.

2

did not include a certification that the parties conferred prior to the Motion being filed, as required by this Court's Judicial Policies & Procedures § I(G)(1).

## II.    LEGAL STANDARD

Removal from state to federal court based on diversity jurisdiction is governed by 28 U.S.C. § 1441(b). Section 1441(b)(2), known as the forum-defendant rule, prohibits removal of a diversity case "if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." The statute permits "snap removal" of a case, whereby the case is removed before service is effectuated on the citizen defendant, or the "forum defendant." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018). Once the forum defendant is properly served, removal is barred. *Huskic v. AD Express Trucking LLC*, 791 F. Supp. 3d 565, 568 (E.D. Pa. 2025).

Pennsylvania state law governs proper service in this case. Proper service in Pennsylvania requires that a complaint "shall begin with a notice to defend." Pa. R.C.P. No. 1018.1. This requirement is universal and applies to all defendants. Explanatory Comment, Pa. R.C.P. No. 1018.1.

Defendants, as the removing party, bear the burden of demonstrating that the case is properly before the federal court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009). Under 28 U.S.C. § 1447(c), an order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal. The standard for awarding fees "turns on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

### III. DISCUSSION

**A. Service Was Proper and the Forum-Defendant Rule Barred Removal**

The parties' dispute stems from whether service was proper under Pennsylvania law. Plaintiffs take the position that service upon Egenlauf, as the forum defendant, was proper and therefore removal was barred under the forum defendant rule. (*See* ECF No. 8.) Conversely, Defendants argue that service was improper and therefore the forum defendant rule did not preclude removal. (*See* ECF No. 12.) Pa. R.C.P. No. 1018.1 provides that "every complaint filed by a plaintiff . . . **shall begin with a notice to defend**." (emphasis added). The parties agree that the Notice to Defend did not appear at the beginning of the Complaint but was instead included at the end of the Complaint when it was served upon Egenlauf's residence. (ECF No. 8-1 at 4; ECF No. 12-1 at 4.)

Plaintiffs contend that they "included the Notice to Defend in the Complaint, thereby substantially complying with Rule 1018.1." (ECF No. 8-1 at 5.) They assert that, rather than causing defective service, placing the Notice to Defend at the end of the Complaint was a "minor, technical irregularity" that did not impair Egenlauf's "substantial rights" and therefore the service was proper. (*Id.* at 4.)

Defendants respond that service was defective because the Notice to Defend was at the end of the document served upon Egenlauf and therefore did not comply with the plain language of Rule 1018.1. (ECF No. 12-1 at 4.) Egenlauf declares that he did not provide his attorneys with the Complaint because he thought they would have received a copy, a notion that the Notice to Defend dispels with its language that the recipient should notify their attorney that they have been served

4

with the complaint. (ECF No. 12-1 at 4; ECF No. 12-8.) Plaintiffs did not notify defense counsel of attempted service until forty-five days after providing the Complaint to Egenlauf. (ECF No. 12-5 at 2.)

Neither party points to a Pennsylvania Supreme Court case that determines whether incorrect placement of a Notice to Defend is fatal to service under Pennsylvania state law. Plaintiffs cite the only Commonwealth case on point—*Commonwealth, Off. of Atty. Gen. ex rel. Corbett v. Richmond Township*, 917 A.2d 397 (Pa. Commw. Ct. 2007). (ECF No. 14 at 6–7; ECF No. 15-3 at 1–3.) In *Corbett*, the Pennsylvania Commonwealth Court overruled Defendant Richmond Township's preliminary objection that service was improper where the Notice to Defend was placed behind the complaint. *Id.* at 403–04. In overruling the objection, the court held that there was no support for Richmond Township's position that the Notice to Defend must be in the front of the complaint to comply with Rule 1018.1. Moreover, the court found that the Township had not alleged that it was one of the "uneducated, uninformed and unsophisticated defendants" that Rule 1018.1 was designed to protect or that it was prejudiced by the location of the notice to defend. *Id.* at 404 (quoting Explanatory Comment, Pa. R.C.P. No. 1018.1).

Defendants aver that *Corbett* is distinguishable from the present case. First, they argue that *Corbett*, a Commonwealth Court decision, is not binding because the Pennsylvania Superior Court would have appellate jurisdiction over this case, and Commonwealth Court decisions do not bind that court. (ECF No. 15-3 at 2.) Additionally, Defendants argue that the *Corbett* court "misquoted" the language of Pa. R.C.P. No. 1018.1 by stating "that every complaint **should** begin with a notice to defend," rather than that complaints "shall" begin with a Notice to Defend. (ECF No. 15-3 at 2); *Corbett*, 917 A.2d at 404.

The Court notes at the outset that, although the *Corbett* court's use of "should" rather than "shall" in referring to Rule 1018.1's requirements may have *mischaracterized* the rule in Defendants' eyes, the court did not *misquote* the rule. *See id*. Additionally, while this Court may not be bound by *Corbett*, where a federal court must rule on a "novel question of Pennsylvania law not addressed by the Supreme Court of the Commonwealth, [the court's] task 'is to predict how that court would rule.' In making this prediction, '[the court] must consider the pronouncements of the lower state courts' . . . [and] 'attribute significant weight to these decisions in the absence of any indication that the highest state court would rule otherwise.'" *State Farm Mut. Auto Ins. Co. v. Rosenthal*, 484 F.3d 251, 253 (3d. Cir. 2007) (internal citations omitted). Because *Corbett* is the sole case the parties have cited applying state law to a misplaced Notice to Defend, the Court attributes significant weight to that decision, regardless of whether it would be binding on the relevant appellate court in this particular case.

Finally, the Court looks to the *Corbett* court's reasoning and compares it to the facts at issue here. The *Corbett* court noted that Richmond Township was not the "uneducated, uninformed, [or] unsophisticated defendant[]" that Rule 1018.1 was designed to protect and that Richmond Township did not allege it was prejudiced by the placement of the Notice to Defend. *Corbett*, 917 A.2d at 404. Defendants, by contrast, do assert that Egenlauf was prejudiced by the placement of the Notice. They contend that Egenlauf did not see the Notice and therefore did not send a copy of the Complaint to his attorneys because he thought that they had already received a copy. (ECF No. 12-8 at 3.) However, Egenlauf had retained counsel prior to receiving the Complaint, and his attorneys were sent the Complaint, albeit in a delayed manner. (ECF No. 12-1 at 13; ECF No. 12-5 at 2.) It is not clear to the Court what adverse effects Egenlauf suffered as a result of his attorneys receiving the Complaint on August 25, 2025, rather than when he was served

6

with it on July 11, 2025. *Cf. Mother's Rest. Inc. v. Krystkiewicz*, 861 A.2d 327, 337–38 (Pa. Super. Ct. 2004) (holding that entry by prothonotary of default judgment when restaurant's amended complaint did not contain a notice to defend rendered the default judgment void). In failing to articulate the prejudice that Egenlauf suffered by the placement of the Notice to Defend, this Court finds that the *Corbett* decision should apply.

Given the significant weight the Court attributes to the *Corbett* decision and the general presumption in favor of remand, *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007), the Court finds that Plaintiffs' failure to comply with the strict letter of Rule 1018.1 in serving Egenlauf did not defeat the "properly joined and served" requirement of 28 U.S.C. § 1441(b)(2).[5] Therefore, remand is proper.

### B. Plaintiffs Are Not Entitled to Fees

Plaintiffs request attorneys' fees under 28 U.S.C. § 1447(c), which allows courts to award attorney's fees, costs, and expenses where the removing party lacked an "objectively reasonable" basis for removal. (ECF No. 8-1 at 6); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A "colorable removal claim in an area of unsettled law" does not merit an award of attorneys' fees. *Roxbury Condo. Ass'n v. Anthony S. Cupo Agency*, 316 F.3d 224, 228 (3d Cir. 2003). Although this Court ultimately disagrees with Defendants that removal was proper, Defendants set out a

---

[5] Defendants correctly note that Plaintiffs failed to meet and confer with Defendants prior to filing the Motion, and the Motion did not include the certificate of conferral required by this Court's Judicial Policies and Procedures. (ECF No. 12-1 at 5); *see* Judge Kelley B. Hodge, *Judicial Policies & Procedures* § I(G)(1). Defense counsel states they only found out about the instant Motion when defense counsel called Plaintiffs to meet and confer on another matter. (*Id.*) Plaintiffs' belief that a meet and confer would not have been successful does not negate their obligation to conduct one. (*See* ECF No. 14 at 2–3.) Despite Plaintiffs' failure to comply with this Court's rules, the Court finds that remand is proper for the foregoing reasons.

colorable claim that service was defective based on an unsettled area of state law. For that reason, Plaintiffs' request for attorneys' fees is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' Motion to Remand. An appropriate Order follows.

BY THE COURT:

/s/ Hon. Kelley B. Hodge

**HODGE, KELLEY B., J.**